IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA CASE and LOIS EHRENBERG, )
on behalf of plaintiff and the class defined )
herein, )
                                              )
                    Plaintiffs,               )   No. 08 CV 1698
        v.                                    )
                                              )   Judge Manning
ARROW FINANCIAL SERVICES, LLC                 )
and FREEDMAN ANSELMO LINDBERG                 )
& RAPPE LLC,                                  )
                                              )
                    Defendants.               )

### ANSWER TO AMENDED COMPLAINT

Defendant, FREEDMAN ANSELMO LINDBERG & RAPPE LLC, ("Freedman"), by and through its attorneys, and for its Answer to Plaintiffs' Amended Complaint, states as follows:

### INTRODUCTION

1. Plaintiffs Sandra Case and Lois Ehrenberg bring this action to secure redress from unlawful collection practices engaged in by defendants Arrow Financial Services, LLC and Freedman Anselmo Lindberg & Rappe LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1 692d, l692e, l692f and l692g.

ANSWER: Defendant admits plaintiffs' Amended Complaint purports to allege a violation of the FDCPA against Defendants. Defendant denies plaintiffs' Amended Complaint states a claim against Freedman, denies any violation of the FDCPA has occurred and denies that

plaintiffs are entitled to damages. Defendant further states that paragraph 1 attempts to paraphrase certain sections of the FDCPA but denies that paragraph 1 fully sets forth or states those provisions of the Act.

2. Specifically, plaintiffs allege that defendants brought suit against plaintiffs on an alleged debt barred by the statute of limitations.

ANSWER: Defendant admits only that plaintiffs so allege and deny the debt was barred by the statute of limitations.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

ANSWER: Based upon the information defendant has as of the date of this Answer, defendant does not contest jurisdiction.

4. Venue and personal jurisdiction in this District are proper because both defendants are located in this District.

ANSWER: Based upon the information defendant has as of the date of this Answer, defendant does not contest venue.

## PARTIES

5. Plaintiff Sandra Case is an individual who resides in the Northern District of Illinois.

ANSWER: Defendant admits only that its business records contain an Illinois address for plaintiff Case and in further answering states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 as of the date of this answer.

6. Plaintiff Lois Ehrenberg is an individual who resides in the Northern District of Illinois.

ANSWER: Defendant admits only that its business records contain an Illinois address for plaintiff Ehrenberg and in further answering states that it is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 6 as of the date of this answer.

7. Defendant Arrow Financial Services, LLC ("Arrow") is a limited liability company with its principal place of business at 5996 W. Touhy Avenue, Niles, IL 60714.

**ANSWER:** **Upon information and belief defendant admits the allegations contained in Paragraph 7.**

8. Defendant Arrow acts as a collection agency and also engages in the business of buying bad debts allegedly owed by consumers for a small fraction of face value and enforcing the debts against the consumers.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.**

9. Defendant Arrow is a "debt collector" as defined in the FDCPA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.**

10. Defendant Freedman Anselmo Lindberg & Rappe LLC is a law firm organized as a limited liability company with offices in Naperville, Illinois.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 10.**

11. Freedman Anselmo Lindberg & Rappe LLC's practice consists primarily of the collection from consumers of debts allegedly owed to others, through use of the mails, telephones, and legal proceedings.

**ANSWER:** **Defendant admits that its practice includes collection of consumer debt and denies the remaining allegations.**

12. Freedman Anselmo Lindberg & Rappe LLC is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendant admits that it acts as a debt collector for some purposes and is without knowledge or information as to whether it acted as a debt collector with respect to plaintiffs because it does not know the purpose for which they incurred their debts.**

## FACTS RELATING TO PLAINTIFFS' CASE

13. On May 9, 2007, Freedman Anselmo Lindberg & Rappe LLC, on behalf of Arrow, filed suit against Sandra Case in the Circuit Court of Cook County, Illinois, case no. 2007 M1 146609. The complaint and exhibits are attached hereto as Appendix A.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 13.**

14. The complaint in Appendix A is a standard form, filled out in a standardized manner.

> **ANSWER:** **Defendant does not know what plaintiff means by "standardized form" or "standardized manner" and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.**

15. Ms. Case was not served until January 2008.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 15.**

16. Ms. Case appeared and defended the lawsuit, whereupon defendants nonsuited it on January 29, 2008.

> **ANSWER:** **Defendant admits only that the case was dismissed without prejudice on January 29, 2008.**

17. The alleged debt that the state court action sought to collect was described in the complaint as a credit card.

> **ANSWER:** **Defendant admits that the debt in the state court complaint was described as a credit card debt and denies the remaining allegations contained in Paragraph 17.**

18. Any such debt as was alleged would have been primarily for personal, family or household purposes.

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.**

19. The state court complaint did not have attached to it any writing signed by Ms. Case.

  **ANSWER:** **Defendant admits the allegations contained in Paragraph 19.**

20. The state court complaint showed on its face that the purported debt was in default more than 5 years.

  **ANSWER:** **Defendant states that Appendix A speaks for itself and denies each and every remaining allegation contained in Paragraph 20.**

21. Specifically, paragraph 4 of the complaint claimed "the sum of $1,039.05 plus interest at the 5% statutory rate ... in the amount of $373.14 for a total of $1,412.19."

  **ANSWER:** **Defendant admits that Paragraph 4 of the Complaint states "that after allowing for all credits due defendant, there is due and owing as of April 28, 2007 the sum of $1,039.05 plus interest, at the 5% statutory rate pursuant to 815 ILCS 205/2 in the amount of $373.14 for a total of $1,412.19."**

22. On information and belief, the $1,039.05 represents the amount of the alleged debt that Arrow Financial Services, LLC claims to have purchased.

  **ANSWER:** **Defendant states that Appendix A speaks for itself and denies each and every remaining allegation contained in Paragraph 22.**

23. Complaints in the form represented by Appendix A are always filled out with the amount of the alleged debt purchased by Arrow Financial Services, LLC plus interest added thereto by Arrow.

  **ANSWER:** **Defendant denies the allegations contained in Paragraph 23.**

24. At 5%, interest on $1,039.05 is $51.95 per annum.

  **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.**

25. The claim of $373.14 interest therefore represents 7.18 years' worth of interest ($373.14 divided by $51.95 is 7.18).

  **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.**

26. The debt was barred by the five-year statute of limitations.

6318797v1 887262

  ANSWER:  **Defendant denies the allegations contained in Paragraph 26.**

### FACTS RELATING TO PLAINTIFF EHRENBERG

27. On August 8, 2007, Freedman Anselmo Lindberg & Rappe LLC, on behalf of Arrow, filed suit against Lois Ehrenberg in the Circuit Court of Cook County, Illinois, case no. 2007 M1 178937. The complaint and exhibits are attached hereto as Appendix B.

  ANSWER:  **Defendant admits the allegations contained in Paragraph 27.**

28. The complaint in Appendix B is a standard form, filled out in a standardized manner.

  ANSWER:  **Defendant does not know what plaintiff means by "standardized form" or "standardized manner" and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.**

29. Ms. Ehrenberg was allegedly served by substitute service on in November 2007 and a default judgment was entered against her.

  ANSWER:  **Defendant admits that Ms. Ehrenberg was served and a default judgment entered and denies the remaining allegations contained in Paragraph 29.**

30. Ms. Ehrenberg appeared and had the judgment against her vacated. She retained counsel and defended the lawsuit, whereupon defendant nonsuited it on March 25, 2008.

  ANSWER:  **Defendant admits only that the judgment was vacated and that the complaint was dismissed without prejudice on March 25, 2008 and denies the remaining allegations contained in Paragraph 30.**

31. The alleged debt that the state court action sought to collect was described in the complaint as a credit card.

  ANSWER:  **Defendant admits that the debt in the state court complaint was described as a credit card debt and denies the remaining allegations contained in Paragraph 31.**

32. Any such debt as was alleged would have been primarily for personal, family or household purposes.

ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.　The state court complaint did not have attached to it any writing signed by Ms. Ehrenberg.

ANSWER:　Defendant admits the allegations contained in Paragraph 33.

34.　The state court complaint showed on its face that the purported debt was in default more than 5 years.

ANSWER:　Defendant states that Appendix B speaks for itself and denies each and every remaining allegation contained in Paragraph 34.

35.　Specifically, paragraph 4 of the complaint claimed "the sum of $1,456.65 plus interest at the 5% statutory rate . . . in the amount of $648.51 for a total of $2,105.16."

ANSWER:　Defendant admits only that Appendix B states the Lois Ehrenberg's account had "a total current balance due of $2,098.17 as of June 20, 2007; plus interest at 5%, pursuant to 815 ILCS 205/2 from the aforesaid date…"

36.　On information and belief, the $1,456.65 represents the amount of the alleged debt that Arrow Financial Services, LLC claims to have purchased.

ANSWER:　Defendant states that Appendix B speaks for itself and denies each and every remaining allegations contained in Paragraph 35.

37.　Complaints in the form represented by <u>Appendix B</u> are filled out with the amount of the alleged debt purchased by Arrow Financial Services, LLC plus interest added thereto by Arrow.

ANSWER:　Defendant denies the allegations contained in Paragraph 37.

38.　At 5% interest on $1,456.65 is $72.83 per annum.

ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.　The claim of $648.51 interest therefore represents 8.9 years' worth of interest ($648.51 divided by $72.83 is 8.9).

ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.   The debt was barred by the five-year statute of limitations.

ANSWER:   Defendant denies the allegations contained in Paragraph 40.

## FACTS - GENERAL

41.   Other complaints filed by Freedman, Anselmo, Lindberg & Rappe LLC on behalf of Arrow Financial Services LLC in the form represented by Appendices A and B also show that they were filed beyond the statute of limitations. To illustrate:

| Consumer | Case No. | Interest Claimed | Debt Without Interest | Years needed to accrue at 5% |
|---|---|---|---|---|
| Oscar L. Ware | 07 M1 146607 | 438.32 | 1140.98 | 7.68 |
| Daniel G. Koste | 07 M1 146608 | 274.68 | 723.22 | 7.59 |
| Amani Adballah | 07 M1 146610 | 1825.70 | 3546.53 | 10.3 |
| Cheryl Rogers | 07 M1 146611 | 338.04 | 1039.55 | 6.5 |
| Latasha Cleghorn | 07 M1 146614 | 789.56 | 2036.67 | 7.7 |
| Ivonne Arocho | 07 M1 146615 | 3436.61 | 7446.59 | 9.2 |
| Pamela Gray | 07 M1 146617 | 199.59 | 650.30 | 6.13 |
| Prince Williams | 07 M1 146618 | 237.65 | 795.08 | 5.9 |
| Kathleen Dineen | 07 M1 146619 | 496.48 | 1047.15 | 9.4 |
| Tiata C. Johnson | 07 M1 146620 | 432.59 | 963.81 | 8.9 |
| Joni L. West | 07 M1 146622 | 226.01 | 507.21 | 8.9 |

ANSWER:   Defendant denies the allegations contained in Paragraph 41.

## COUNT I - FDCPA - FILING SUIT ON TIME-BARRED DEBTS

42.   Plaintiffs incorporate paragraphs 1-41.

ANSWER:   For its answer to Paragraph 42, Defendant restates and realleges its answers to Paragraph 1-41 as if fully set forth herein.

43.   The state court actions were barred by the five-year Illinois statute of limitations.

ANSWER:   Defendant denies the allegations contained in Paragraph 43.

44. On information and belief, defendants regularly file debt collection actions without attaching a written contract signed by the putative debtor where the last payment date or charge-off date is more than five years prior to filing.

ANSWER: Defendant denies the allegations contained in Paragraph 44.

45. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f. *Kimber v. Federal Financial Corp.*, 668 F.Supp.1480 (M.D.Ala. 1987).

ANSWER: Defendant denies it files time-barred lawsuits and accordingly denies the allegations contained in Paragraph 45.

46. Section 1692e provides:

§ 1692e.   False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt; . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

ANSWER: Defendant admits that Paragraph 46 purports to cite certain provisions of §1692e of the FDCPA, but denies that such provisions are applicable.

47. Section 1692f provides:

§ 1692f.   Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

9

ANSWER: Defendant admits that Paragraph 47 purports to cite certain provisions of §1692f of the FDCPA, but denies that such provisions are applicable.

## CLASS ALLEGATIONS

48. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

ANSWER: Defendant admits that Plaintiffs purport to bring this action on behalf of a class, however Defendant denies that a class exists or that one should be certified.

49. The class consists of (a) all individuals (b) against whom Freedman Anselmo Lindberg & Rappe, LLC filed a collection lawsuit in the Illinois state courts, (c) on behalf of Arrow Financial Services, LLC (d) within one year prior to the filing of this action (e) to collect an alleged credit card debt (f) in which the complaint is in the form represented by Appendices A and B (g) and the complaint shows that the debt was acquired by Arrow more than 5 years prior to the filing of the collection lawsuit.

ANSWER: Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 49.

50. The class is so numerous that joinder of all members is not practicable.

ANSWER: Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 50.

51. On information and belief, there are at least 40 individuals against whom Freedman Anselmo Lindberg & Rappe, LLC filed a collection lawsuit in the Illinois state courts, on behalf of Arrow Financial Services, LLC, within one year prior to the filing of this action, to collect an alleged credit card debt, in which the complaint is in the form represented by Appendices A and B, and the complaint shows that the debt was acquired by Arrow more than 5 years prior to the filing of the collection lawsuit.

6318797v1 887262

>  **ANSWER:** **Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 51.**

52. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

>  **ANSWER:** **Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 52.**

53. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

>  **ANSWER:** **Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 53.**

54. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA and collection abuse litigation.

>  **ANSWER:** **Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 54.**

55. A class action is a superior method for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

>  **ANSWER:** **Defendant denies that a class exists or that one should be certified and accordingly denies Paragraph 55.**

WHEREFORE, the Court should enter judgment against Plaintiffs and in favor of Defendant Freedman Anselmo Lindberg & Rappe, LLC.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The court should apply, as federal common law, the Illinois litigation privilege and find the privilege bars Plaintiffs' Amended Complaint. Plaintiffs' claims challenge statements made in collection litigation. Specifically, they claim defendant violated the FDCPA by falsely suggesting the collection complaints were filed within the statute of limitations. These statements were made in the underlying litigation. See, *NSB Tech. Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708, *3 (N.D.Ill. 2004); *Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 2001).

### Second Affirmative Defense

Freedman Anselmo Lindberg & Rappe, LLC states that any alleged violation of the FDCPA that occurred, which it denies, was the result of a *bona fide* error notwithstanding the maintenance of reasonable procedures it had in place to avoid such errors. Defendant states that it has written policies in place regarding how to calculate the statute of limitations for accounts on which it files suit. Its cases are reviewed and those suits that are outside of the applicable statute of limitations are rejected before suit is filed. Defendant states that prior to the issuance of *Parkis v. Arrow*, 2008 WL 94798 (N.D.Ill. 2008), which it does not concede was correctly decided, it applied the ten year statute of limitations for written contracts to Illinois credit card debt based on *Harris Trust & Savings Bank v. McCray*, 21 Ill.App.3d 605, 316 N.E.2d 209 (1st Dist. 1974). After the *Parkis* decision, defendant ceased filing suit on credit card debt in Illinois in which more than five years had passed from the date of last payment. It also dismissed pending suits and ceased serving summons for suit on such accounts.

                      FREEDMAN ANSELMO LINDBERG & RAPPE LLC,
                      Defendant


By: /s/Jennifer Weller
    One of its Attorneys

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA CASE, on behalf of plaintiff and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 1698 |
| v. | ) ) | Judge:  Manning |
| ARROW FINANCIAL SERVICES, LLC and FREEDMAN ANSELMO LINDBERG & RAPPE LLC, | ) ) ) ) ) | Magistrate Judge Nolan |
| Defendants. | | |

**NOTICE OF FILING**

TO:   Daniel A. Edelman - dedelman@aol.com
    Cathleen M. Combs - ccombs@aol.com
    James O. Latturner - jlatturner@aol.com

PLEASE TAKE NOTICE that on **May 22, 2008,** we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant, Freedman Anselmo Lindberg & Rappe LLC's **ANSWER TO AMENDED COMPLAINT**, in connection with the above entitled cause, a copy of which is attached hereto.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

s/ *Jennifer W. Weller*
Jennifer W. Weller

6321803v1 887262

2

## **CERTIFICATE OF SERVICE**

    I hereby certify that on **May 22, 2008,** I electronically filed the above and foregoing **NOTICE OF FILING AND ANSWER TO AMENDED COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

                                                        HINSHAW & CULBERTSON LLP

| | |
|---|---|
| David M. Schultz<br>Jennifer W. Weller<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601<br>312/704-3000<br>312/704-3001 – facsimile<br>dschultz@hinshawlaw.com<br>jweller@hinshawlaw.com | s/ *Jennifer W. Weller*<br>Jennifer W. Weller |

2

6321803v1 887262